IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT A. SCHWERDTFEGER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Case No. 09-CV-0429-MJR** |
| THOMAS J. VILSACK, Secretary, United | ) | |
| States Department of Agriculture, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

According to the record in this case, Plaintiff Robert Schwerdtfeger either has not properly proven service of process or has not properly served the defendant in this case. Because the suit was filed more than 120 days ago, the Court will order Schwerdtfeger to prove service or accomplish service in a specified time or face dismissal of his case.

Schwerdtfeger filed this case on June 8, 2009 against the Honorable Thomas Vilsack, the United States Secretary of Agriculture, asking the Court to review an administrative decision of Vilsack's department. (Doc. 1.) The Court granted Schwerdtfeger's motion to proceed *in forma pauperis* on July 9. (Doc. 4.) After that, no significant activity occurred in the case.

At this point in the lawsuit, one would normally expect the defendant to have appeared in accordance with proper service of process. Failing that, one would expect proof of service of process to appear on the docket and a subsequent motion for entry of default. If none of these were present in this case because the pro se plaintiff was having trouble serving process, at the very least one would expect to see a motion requesting service by the United States Marshal. The plaintiff is proceeding *in forma pauperis*, so at his request the Court must order the United States Marshal to serve process. **28 U.S.C. 1915(d); Fed. R. Civ. P. 4(c)(3).** Examples of the motion are

included in the Clerk of the Court's helpful and free guide for pro se litigants available in the Clerk's Office.

None of these events has occurred. The Plaintiff has not requested service by the Court's officers. The defendant has not answered or made any motion. The plaintiff has not moved for default. Because none of these events has occurred, the Court must at least be provided with proof that service of process has been made so that it does not dismiss a 120-day-old case for failure to serve process. *See* **R. 4(*l*)(1) ("Unless service has been waived, proof of service must be made to the court."); R. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time.").** The closest document to a proof of service that appears on docket is a "certificate of service of process" filed on September 4. (Doc. 7.) In the certificate, Schwertfeger "respectfully submits" that "a copy of the summons and complaint [in] Case No. 09-CV-0429-MJR has been sent, this 1st day of September [], 2009 by U.S. Postal Service Certified Mail" to Vilsack, the Department of Agriculture, the Attorney General and to the process clerk of the United States Attorney for this District. (*Id.*)

This "certificate of service of process" is inadequate proof of service of process. The certificate is, first of all, not a sworn or affirmed statement. The only time a party may prove service of process by filing the process server's unsworn statement would be if a United States Marshal or Deputy Marshal served process; proof of anyone else's service is by the server's affidavit only. **R. 4(*l*)(1).** Secondly, the document does not indicate who actually served process. It just states that a copy of the summons and complaint "has been sent" without informing the Court who mailed the summons and complaint. This small detail is important. If Schwerdtfeger were the person that mailed the summons and complaint, the service would be inadequate because process

cannot be served, even by mail, by any of the parties in the lawsuit. *See* **R. 4(c)(2) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint." (emphasis added));** *Olson v. FEC***, 256 F.R.D. 8, 9 (D.D.C. 2009) ("Rule 4(c)(2) is violated when a plaintiff personally attempts to serve a defendant—including the United States—by mail.").** If someone other than Schwerdtfeger served process, then Schwerdtfeger's statement would be no good for proving service because only the person serving process can make the affidavit. *See* **R. 4(*l*)(1) ("[P]roof must be made by the *server's* affidavit." (emphasis added)).**

Because of the lack of proper proof of service of process, the Court **SETS** a deadline of **February 1, 2010**, for Schwerdtfeger to file an affidavit of the process server that proves service of process. Given that the statements in the "certificate of process" indicate that, more likely than not, process has not been served properly anyway, the Court **EXTENDS** the deadline for Schwerdtfeger to have process served to **February 1, 2010**. If Schwerdtfeger wishes for the United States Marshal to serve process, he has until **January 4, 2009**, to file a "Motion for Service of Process at Government Expense," an example of which may be found in the Pro Se Litigant Guide available in the Office of the Clerk of Court. If Schwerdtfeger does not comply with these deadlines, **HIS CASE WILL BE DISMISSED WITHOUT PREJUDICE** in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**

**DATED December 15, 2009.**

> s/ Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**